**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TAMERA LYNN KOPIS, | ) | CASE NO. 1:22-cv-02212 |
| Plaintiff, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| KILOLO KIJAKAZI, *Acting Comm'r of Soc. Sec.*, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

On December 7, 2022, Plaintiff Tamera Lynn Kopis (Plaintiff) filed her Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying her application for a Period of Disability (POD), Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI). Pursuant to Local Rule 72.2, the case was referred to a Magistrate Judge.

On September 26, 2023, Magistrate Judge Thomas M. Parker issued his Report and Recommendation (R&R). The Magistrate Judge recommends that the Court Affirm the Commissioner's decision. (R. 15). Plaintiff filed timely objections to the R&R (R. 16), and the Commissioner filed a response. (R. 17).

For the reasons below, Plaintiff's objections (R. 16) are Overruled and the R&R (R. 15) is Adopted.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to

conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted).

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard ... presupposes that there is a *zone of choice* within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (emphasis added). Therefore, if substantial evidence supports the ALJ's decision, a court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

## II. Analysis

### A. Background

Plaintiff's Brief on the Merits set forth the following assignment of error: (1) the ALJ's residual functional capacity (RFC) determination is unsupported by substantial evidence because she failed to properly evaluate Plaintiff's subjective complaints pursuant to SSR 16-3p and failed to account for Plaintiff's pain in the RFC. (R. 10, PageID# 2214). Specifically, Plaintiff contended that the RFC determination was not supported by substantial evidence because "the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain or account for her pain within the RFC." (*Id*. at PageID# 2215). The R&R determined "[t]he ALJ applied the correct legal standards and reached a decision supported by substantial evidence in finding Kopis's subjective symptoms complaints inconsistent with the record evidence." (R. 15, PageID# 2274).

### B. Objections

Plaintiff's objections to the R&R are perfunctory and largely reflect a mere disagreement with the Magistrate Judge's resolution of the issues raised, and fail to cite any legal error. (R. 16, PageID# 2280-2282). As stated above, general objections that merely restate the objecting parties previous argument and voice mere disagreement with a magistrate judge's suggested resolution—have "the same effects as would a failure to object." *Austin*, 2021 WL 1540389 at *4; *see also United States v. Dawson*, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) ("the Court is under no obligation to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.") In other words, Plaintiff has not identified any deficiency in the Magistrate Judge's application of relevant rules, regulations, precedent, or statutes, but merely contends that the magistrate judge reached incorrect conclusions (R. 16, PageID# 2280) or rubber-stamped the ALJ's "cherry-picked"

record. *Id*. at PageID# 2281.

To the extent Plaintiff has cited any legal authority, she has failed to develop meaningful arguments that would demonstrate the R&R's resolution of the sole assignment of error was erroneous.[1] One such fragment of an argument states that "[t]he Magistrate Judge fails to properly respond to Plaintiff's *Deskin* challenge here because the mixed nature of the evidence prevents a "commonsense judgment about functional capacity." (R. 16, PageID# 2282, *citing Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)). This Court cannot fashion an argument out of such an undeveloped statement. Furthermore, *Deskin*, the opinion of a magistrate judge sitting in this Court, has received significant negative treatment. *See, e.g., Henderson v. Comm'r of Soc. Sec.*, No. 1:08 CV 2080, 2010 WL 750222, at *2 (N.D. Ohio Mar. 2, 2010) ("The Court finds … that *Deskin*, and therefore the portion of the Magistrate's opinion that relies on *Deskin*, is not representative of the law established by the legislature, and interpreted by the Sixth Circuit Court of Appeals.") Thus, even if the Court could glean the contours of Plaintiff's so-called *Deskin* argument, an ALJ's finding that runs afoul of the *Deskin* decision's rationale is not a basis for remand.

Plaintiff's objections also claim that "[t]he Magistrate Judge incorrectly concludes that the ALJ was only providing pre-onset evidence for contextual purposes" when discussing the supportability of her alleged limitations. (R. 16, PageID# 2280). When finding that objective

---

[1] It is well established that "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *See, e.g., Kennedy v. Comm'r of Soc. Sec.*, 87 Fed. App'x 464, 2003 WL 23140056, at *1 (6th Cir. 2003) (*citing United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)) (rejecting perfunctory argument); *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997), *cert. denied*, 523 U.S. 1050, 118 S. Ct. 1370, 140 L. Ed. 2d 518 (1998) (same); *McClellan v. Astrue*, 804 F. Supp.2d 678, 688 (E.D. Tenn. 2011) (court under no obligation to scour record for errors not identified by claimant).

medical evidence did not fully corroborate the claimant's allegations, the ALJ expressly stated that she was "including some discussion of evidence *predating* the claimant's alleged onset date, in order to *place her claims in proper perspective*." (R. 8, PageID# 753, Tr. 718) (emphasis added).

Plaintiff's objections regarding the opinions of Drs. Gupta and Hall, who opined Plaintiff could perform light work with some additional limitations, are not altogether clear. (R. 16, PageID# 2281-2282). Plaintiff attempts to portray the ALJ as "reject[ing] these opinions." *Id*. at PageID# 2282. However, while the ALJ found Plaintiff was limited to sedentary work with some additional limitations (Tr. 716), the ALJ found these opinions partially persuasive, but believed "subsequently dated examination findings and medical treatment confirm slightly greater exertional limitations." (Tr. 723). This Court has previously noted that "[t]he regulations expressly state that '[i]f someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time[,]'" and that an ALJ's mere disagreement with State Agency physicians' opinions that an individual could perform light exertional work still provided substantial evidence for the conclusion that an individual "could perform the exertional demands of sedentary work." *Dodson v. Kijakazi*, 2022 U.S. Dist. LEXIS 59281, *21 (N.D. Ohio Jan. 20, 2022).[2]

---

[2] There is ample case law concluding that State Agency medical consultative opinions may constitute substantial evidence supporting an ALJ's decision. *See, e.g., Lemke v. Comm'r of Soc. Sec.*, 380 Fed. App'x. 599, 601 (9th Cir. 2010) (finding that the ALJ's decision was supported by substantial evidence where it was consistent with the opinion of the state agency's evaluating psychological consultant, which was consistent with the other medical evidence in the record); *Filus v. Astrue*, 694 F.3d 863 (7th Cir. 2012) (finding that state agency physicians' opinions that a claimant did not meet or medically equal any listed impairment constituted substantial evidence supporting the ALJ's conclusion); *Cantrell v. Astrue*, 2012 U.S. Dist. LEXIS 182688,

### III. Conclusion

The Court has carefully reviewed the Report and Recommendation, according to the above-referenced standard, as well as the ALJ's decision, and agrees with the Magistrate Judge's resolution of the issues raised. Therefore, the Magistrate Judge's Report and Recommendation (R. 15) is hereby Adopted, and the Commissioner's decision is hereby Affirmed.

IT IS SO ORDERED.

March 15, 2024                                    s/ *David A. Ruiz*
                                                  David A. Ruiz
                                                  United States District Judge

---

2012 WL 6725877, at *7 (E.D. Tenn. Nov. 5, 2012) (finding that the state agency physicians' reports provided substantial evidence to support the ALJ's RFC finding).